■ In the Matter of MARK STERNFELS, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.— This proceeding seeks a review of the determination of the Board of Regents and the order of the Commissioner of Education suspending the license of the petitioner, a veterinarian, for a period of six months. The petitioner was deemed guilty of two specifications. (1) Unprofessional conduct within the meaning of section 6712 (subd. 1, par. g) of the Education Law in that he entered into an agreement with the owner of a pet shop to refer purchasers of puppies to the petitioner for free examinations and in furtherance thereof, a sign was placed in the front of the store, between the display window and the door advertising the offer of free examinations of puppies by the petitioner. (2) Advertising for patronage within the purview and meaning of section 6712 (subd. 1, par. f) of the Education Law in that the petitioner permitted a sign to be displayed in the pet shop "with the end in view that some persons might be induced to become regular clients". Section 6712 of the Education Law, as pertinent hereto, reads: "Revocation of license and annulment of registration. 1. The department may revoke the license of a practitioner of veterinary medicine or annul his registration or both for any of the following causes: * * * f. Advertising for patronage by means of handbills, posters, billboards, circulars, stereopticon slides, motion pictures, radio, television, newspapers, magazines, classified directories, or any other printed publications or mediums; or by means of flamboyant, glaring or flickering signs; or by means of any signs containing as part thereof any representation of an animal or any part of an animal. The board of regents may promulgate rules to define and clarify, when necessary, the above prohibitions against advertising. g. Unprofessional conduct. The board of regents may promulgate rules to define and clarify, when necessary, unprofessional conduct." In our opinion, there is substantial evidence to sustain the determination. It is uncontroverted that petitioner knew the sign was in the shop and did nothing about it. Two witnesses testified that the owner of the shop called their attention to the sign. The petitioner testified that he was performing the services free to promote good public relations and referred to services performed by the Westchester County Veterinary Medical Association, of which he was a member, as being similar. The credibility of the petitioner was an issue to be determined by the subcommittee which did not accept the petitioner's version but found that the purpose of the agreement was "to induce prospective clients to his office". We recently stated in *Matter of Burns* v. *Board of Regents* (17 A D 2d 1011): "However, the board was not bound to accept petitioner's excuses or explanations of his acts. The acts themselves permit an inference of guilty knowledge and intent as a factual determination, and substantial evidence supports the findings." The petitioner further contends that the order must be annulled because of an inaccuracy in a report from the Regents' Committee on Discipline to the Board of Regents. In the recommendations of this committee to the board it was

erroneously stated that the petitioner had entered into an agreement with two pet shops to give free examinations. It is conceded that the specifications and proof related to a sign in one pet shop. We find no merit to this contention. The order of suspension from which the appeal is taken is based upon the records, findings and determination of the State Board of Veterinary Medical Examiners and not on the report of the Regents' Committee where the error appears. In any event, the inaccuracy did not go to the merits of the issue and we do not perceive any prejudice to the petitioner. The board, after due consideration, reduced the penalty from the recommended one-year suspension to six months. Finally, it is argued that the measure of sentence was too severe. The record discloses that as to punishment, the board took into consideration the prior good standing of the petitioner and his length of time in practice and we find no basis for interfering with the imposed punishment. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.